IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA BEAUPREZ,

          **Plaintiff,**

vs.                                Civ. No.  14-649 JCH/CG

BAYER HEALTHCARE
PHARMACEUTICALS, INC.,

          **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Dismiss* [Doc. 7], in which Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") argues that Melissa Beauprez's complaint should be dismissed for failure to timely serve and to comply with this Court's notice of July 16, 2014. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On July 16, 2014, Beauprez filed her Complaint [Doc. 1] in this Court. She alleges that Bayer designed, manufactured, and marketed the Mirena intrauterine contraceptive device. Beauprez further alleges that on June 26, 2009, she chose to have the Mirena device implanted in her uterus, and that the initial implantation was correct. On May 26, 2011, Beauprez told her doctor that she wished to have the Mirena device removed because she could now feel the device and was suffering from back pain. However, two physicians who examined Beauprez on that day could not locate the "strings" of the Mirena device in order to remove it. Those physicians sent Beauprez for an ultrasonic examination, which was unable to locate the device within her uterus. As a result, on June 8, 2011, Beauprez underwent an abdominal x-ray and CT scan, which showed the Mirena device had migrated from her uterus and was located in her abdomen. As a

result, on July 19, 2011, Beauprez underwent surgery to remove the device. She now asserts

claims against Bayer for defective manufacturing and design, failure to warn, negligence, strict

liability, breach of implied and express warranty, negligent and fraudulent misrepresentation, and

fraud by concealment.

Beauprez's complaint was initially assigned to U.S. Magistrate Judge William P. Lynch.

On July 16, 2014, the date the complaint was filed, Judge Lynch entered a text-only order on the

docket. It stated:

> PLEASE TAKE NOTICE that this case has been randomly assigned to United
> States Magistrate Judge William P. Lynch to conduct dispositive proceedings in
> this matter, including motions and trial. Appeal from a judgment entered by a
> Magistrate Judge will be to the United States Court of Appeals for the Tenth
> Circuit. **It is the responsibility of the case filer to serve a copy of this Notice
> upon all parties with the summons and complaint.** Consent is strictly
> voluntary, and a party is free to withhold consent without adverse consequences.
> Should a party choose to consent, notice should be made no later than 21 days
> after entry of the Order setting the Rule 16 Initial Scheduling Conference. For e-
> filers, visit our Web site at www.nmcourt.fed.us for more information and
> instructions.

[Doc. 2] (emphasis in original). In the months following the filing of Beauprez's complaint, she

filed no return of service or any other indication that she had served Bayer. On November 17,

2014, Judge Lynch entered a *sua sponte* Order to Show Cause [Doc. 3] informing Beauprez that

Rule 4(m) requires a plaintiff to serve a defendant within 120 days of filing the complaint, and

stating that "no later than December 17, 2014, Plaintiff must either effect service or provide the

Court with a written explanation why service has not been effected." The order also placed

Beauprez on notice that if she did not respond within this time, her complaint would be

dismissed without prejudice. Beauprez did not respond to the order to show cause, nor did she

serve Bayer.

As a result, on December 19, 2014, Judge Lynch entered a second order to show cause

[Doc. 4] noting Beauprez's failure to comply with the first order. In his second order, Judge

Lynch directed Beauprez's attorney, Bryan L. Williams, to appear in Judge Lynch's courtroom in Las Cruces, New Mexico on January 8, 2015, at 1:30 p.m. to explain why he had not complied with the order to show cause or with this Court's Local Rule 83.3 (regarding appearance and admission of attorneys licensed outside the District of New Mexico) despite court staff's instructions to do so. At the hearing, Williams told the Court that the failure to serve Bayer stemmed from a misunderstanding between him and out-of-state counsel regarding who would be responsible for serving Bayer. Judge Lynch found there had been no deliberate disregard of his orders to show cause and quashed them. [Docs. 12 and 13].

In the meantime, it appears that on December 22, 2014, Beauprez's lawyers finally managed to have Bayer served with the summons and complaint. However, they failed to include with the service package a copy of Judge Lynch's July 16, 2014 text-only order directing Beauprez to include the text-only order in the documents served on Bayer. As a result, on December 31, 2014, Bayer filed the motion to dismiss now pending before the Court, which the Court construes as one brought under Rule 12(b)(5) regarding insufficient service of process. Bayer argues that the case should be dismissed because Beauprez failed to serve Bayer within 120 days as required by Rule 4(m), failed to comply with Judge Lynch's first order to show cause, and failed to serve Bayer with the Court's text-only notice [Doc. 2] informing the parties that the case was assigned to a magistrate judge. In response, Beauprez's counsel admit that they cannot show good cause for their failure to timely serve, but they argue that the Court should exercise its discretionary authority to allow a permissive extension of the time to serve. They do not address their failure to serve Bayer with Document 2, the text-only notice.

## **LEGAL STANDARD**

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The advisory committee notes for Rule 4(m) make clear that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *See also Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995) ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause.").

The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. *Id*. at 841. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, as is the case here, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service. *Id*.

## DISCUSSION

The Court begins with Bayer's arguments that Beauprez's complaint should be dismissed because she failed to serve the complaint within 120 days as required by Rule 4(m) or in response to Judge Lynch's first order to show cause. While the Court does not condone the carelessness that led to the untimely service, it concludes that in this instance dismissal is not appropriate. First, on January 8, 2015, Judge Lynch conducted a hearing on this matter in which, after questioning plaintiff's counsel, he determined that Williams did not *deliberately* violate court rules. Apparently satisfied, Judge Lynch quashed his orders to show cause. Second, the Court concludes that once service on a defendant has been made, motions brought under Rule 12(b)(5) are moot. This is consistent with other rulings in both the District of New Mexico and

other federal district courts. *See, e.g., Rivera v. Bates*, No. CIV 12-0473 JB/RHS, 2013 WL 5934401, at *5 (D.N.M. Sept. 30, 2013) (concluding motion to dismiss was moot because defendant had been served); *Porter v. Gentry County Comm'n*, No. 08-6029-CV-SJ-FJG, 2008 WL 2559426, at *1 (W.D. Mo. June 23, 2008) ("Although a Court must dismiss an action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), plaintiff has since corrected any insufficiency in service of process when he served the appropriate entities on April 21, 2008.... [T]he issues raised in defendant's motion to dismiss are now moot."); *Berning v. Gooding*, 643 F. Supp. 26, 31 (D. Or. 1985) ("Defendants Obendorf and Newhouse also moved to dismiss for insufficiency of process, pursuant to Fed. R. Civ. P. 12(b)(5).... Both have since been personally served. Their motions to dismiss on this ground are therefore moot."). Because Beauprez served Bayer before Bayer moved to dismiss for failure to serve, the Court concludes that aspect of the motion is moot.

The other ground for Bayer's motion to dismiss is more troublesome. Bayer argues that Beauprez's complaint should be dismissed because she failed to include the Court's text-only notice, Document 2, with the complaint and summons that were served upon it on December 22, 2014. That text-only notice specifically provides, *in bolded text*, that it must be included with the complaint and summons in the documents served upon the defendant. Beauprez did not meet that requirement. On the other hand, Bayer does not allege that it was prejudiced in any way by this failure, and it is difficult to see how it could have been prejudiced. Bayer fails to point out that on December 31, 2014, the same day it filed its motion to dismiss, the Court entered a second text-only order. [Doc. 8] This one states:

> NOTICE OF CONSENT SUBMISSION DEADLINE: Pursuant to Fed. R. Civ. P. 73(b)(2), the parties are reminded that a magistrate judge was assigned as the trial judge in this matter under 28 U.S.C. 636(c). The parties are advised that the Clerk will reassign this matter to a district judge as the trial judge no later than 12 days from the entry of this notice unless consents from all parties have been filed. The

5

parties are free to withhold consent. *If you have already entered your consent, you need not resubmit*. (ran)

Doc. 8 (emphasis in original). Thus, if up to that point Bayer had somehow been unaware, due to Beauprez's omission in service, that a magistrate judge had been assigned to this case, it certainly was made aware of that fact well in advance of the deadline to submit its consent to the magistrate judge. While Beauprez's counsel's failure to serve Document 2 shows a certain sloppiness and inattention to detail, the Court concludes that it does not merit dismissal of the complaint. Thus, the Court exercises the discretion granted to it under Rule 4(m) to extend the time allowed to Beauprez to serve her complaint on Bayer, and the motion to dismiss will be denied.

Finally, the Court notes that in its reply brief Bayer argues for the first time that Beauprez's claims are barred by the statute of limitations. The issue was raised in only a fleeting manner, and only to the extent that it may be a factor in the Court's discretion to extend the time for service under Rule 4(m). Furthermore, because it was raised in a reply brief, Beauprez had no opportunity to respond. At this time the Court expresses no opinion as to whether any of Beauprez's claims may be time-barred, but rather will address that issue if and when Bayer files a motion to dismiss on that ground and the question is fully briefed.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss* [Doc. 7] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**